# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NANCY O. GEEHAN,

<div style="padding-left:4em">Appellant,</div>

<div style="padding-left:4em">v.</div>

DEPARTMENT OF AGRICULTURE,

<div style="padding-left:4em">Agency.</div>

DOCKET NUMBERS
PH-1221-16-0014-W-1
PH-0752-15-0239-I-2

DATE: December 19, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Chungsoo J. Lee</u>, Feasterville, Pennsylvania, for the appellant.

<u>Suzanne K. Roten</u>, Esquire, and <u>Arlene R. Yang</u>, Esquire, San Diego, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which granted her request to dismiss her appeals. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 In these joined appeals, the parties reached an agreement pursuant to which the appellant agreed, among other things, to dismiss both appeals with prejudice. *Geehan v. Department of Agriculture*, MSPB Docket No. PH-1221-16-0014-W-1, Initial Appeal File (IAF), Tab 24; Petition for Review (PFR) File, Tab 1 at 3-12. The administrative judge granted the appellant's request. IAF, Tab 25, Initial Decision (ID). The initial decision specifically reflects that the parties settled these appeals pursuant to a written agreement. ID at 2. The parties did not request the Board to enter their settlement agreement into the record for enforcement and they instead look to the Equal Employment Opportunity Commission (EEOC) regarding such issues, expressly invoking EEOC regulations to govern any compliance issues with their agreement. ID at 2 n.*; IAF, Tab 24 at 9; PFR File, Tab 1 at 9.

¶3 In her petition for review, the appellant requests that the Board dismiss the appeal "as settled" because she contends that a dismissal worded thusly, as opposed to the voluntary withdrawal described in the initial decision, "are two very different dispositions." PFR File, Tab 1 at 1; ID at 2. In this case however,

because the parties do not seek to enter the agreement into the record for the purposes of enforcement, it is a distinction without a difference. Regardless of the language employed by the administrative judge in exercising this ministerial function, the record reflects that he honored the appellant's request, through which the appellant therefore fulfilled her agreement with the agency to dismiss her appeal with prejudice to its refiling. ID; IAF, Tab 24 at 7; PFR File, Tab 1 at 10. Accordingly, we deny the appellant's petition for review and affirm the initial decision dismissing the appeal with prejudice pursuant to the parties' settlement agreement.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other

court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.